UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　　　　Plaintiff,<br>v.<br>BARRINGTON GEORGE MASON,<br>　　　　　　　　　　　　Defendant. | Case No.: 20MJ1262<br><br>**ORDER** |

HAYES, Judge,

　　The matter before the Court is the motion to revoke detention order (ECF No. 14) filed by Defendant.

**FACTS**

　　On February 19, 2020, Defendant was arrested and charged in 20 MJ 765 with attempted reentry of a deported alien in violation of 8 U.S.C. §1326, a felony. Defendant was brought before a United States Magistrate Judge for an initial appearance and appointed counsel. The Magistrate Judge set a bond at $25,000.

　　On April 2, 2020, an out of district complaint was filed in this case charging Defendant with violation of supervised release in a case transferred from the Central District of California, 14cr682. Defendant was charged in 14cr682 with a violation of 8 U.S.C. §1326. After a plea of guilty, Defendant was sentenced to 37 months in custody

and three years of supervised release. In addition to 14cr682, Defendant was convicted of conspiracy to distribute and possess cocaine in the United States District Court for the District of Maryland in 2007 and sentenced to 78 months in custody and 5 years of supervised release.

On April 23, 2020, the Magistrate Judge held a detention hearing and concluded that detention was appropriate.

On April 28, 2020, Defendant filed an appeal of the order of detention. Defendant asserts that release on his own recognizance subject to the same conditions as his current bond in 20MJ765 will assure his future appearance. Defendant asserts that the bond is sufficient in light of his strong family ties and his medical condition. Defendant explains in his pleadings that he went on a four day hunger strike in order to obtain a COVID-19 test and subsequently tested positive for the virus. Plaintiff United States asserts that the facts and circumstances of this case support the order of detention.

On May 5, 2020, the Magistrate Judge entered findings of fact and order of detention concluded that Defendant is a serious flight risk and that no condition or combination of conditions will reasonable assure the appearance of the Defendant. (ECF No. 18).

## APPLICABLE LAW

Federal Rule of Criminal Procedure 32.1(a)(1) provides that a person taken into custody for a supervised release violation is entitled to a hearing before the Magistrate Judge "without unnecessary delay." Fed. R. Crim. P. 32.1(a)(1). "The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings. The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." Fed. R. Crim. P. 32.1(a)(6). 18 U.S.C. §3143 provides:

> (a)  Release or detention pending sentence.--(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of

>imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C.§3143(a).

This Court reviews the evidence "de novo" and makes its own determination whether to modify the detention order. *United States v. Keonig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). The Court takes into account all available information concerning the factors set forth in § 3142(g) in determining whether there are conditions of release that will reasonably assure the appearance of the Defendant, including the nature and circumstances of the offense charged, the weight of the evidence, and the history and characteristics of the Defendant. The weight of the evidence is the least important of the various factors, but it is a factor to be considered under §3142(g)(2). *See United States v. Honeyman*, 470 F.2d 473, 474 (9th Cir. 1972). While "[a]lienage may be taken into account" when determining flight risk under the Bail Reform Act, "it is not dispositive." The Court is required to make an "individualized determination" under the Bail Reform Act. *United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015).

### RULING OF THE COURT

Defendant has a serious criminal history, including a prior felony conviction for illegal entry. Defendant is charged in a 20 MJ 765 with attempted entry after deportation in violation of 8 U.S.C. § 1326, a felony. The Magistrate Judge properly conducted a detention hearing and concluded that the facts demonstrate that the Defendant is a flight risk and that there is no condition or combination of conditions that will reasonably assure Defendant's appearance. The Magistrate Judge properly considered Defendant's family ties and found that this factor weighed in favor of bond. However, the Magistrate Judge found that other factors weighed in favor of detention, including lack of financial resources and employment, length of residence, lack of community ties, past conduct, and criminal

history. This Court has reviewed the evidence and concludes that Defendant has not established by clear and convincing evidence that he is not a risk of flight. The proposed bond is not sufficient to adequately secure the Defendant's presence at future court proceedings. There are no facts in this record relating to this Defendant that support his release under the Bail Reform Act. [1]

IT IS HEREBY ORDERED that the motion to revoke detention order (ECF No. 14) is denied.

Dated:  May 11, 2020

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court

---

[1] The Court finds this motion suitable for determination upon the full record.